# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) |
| | MDL NO. 2272 |
| | Master Docket Case No.: 1:11-cv-05468 |
| This Document applies to: *Beverly Goldin*, 1:12-cv-02048 | Honorable Rebecca R. Pallmeyer |

## ZIMMER'S SUPPLEMENTAL PROPOSED JURY INSTRUCTION

The defendant, Zimmer, Inc. ("Zimmer"), submits the following Supplemental Proposed Jury Instruction, replacing its original Proposed Instruction 21 relating to damages. . Zimmer requests that it be permitted to supplement or modify its Proposed Jury Instructions as necessary or appropriate after submission of evidence or during mid-trial conference with the Court.

Respectfully submitted,

FAEGRE BAKER DANIELS LLP


*/s/ John P. Mandler*
John P. Mandler (Minn. State Bar #194438)
Abigail M. Butler (Ind. State Bar #22295-02)

ATTORNEYS FOR DEFENDANT ZIMMER, INC.

US.109855728.02

**Instruction 21**

**<u>DAMAGES: GENERAL</u>**

My charge to you on the law of damages must not be taken as a suggestion that you should find for the plaintiff. It is for you to decide on the evidence presented and the rules of law I have given you whether the plaintiff is entitled to recover from the defendant. If you decide that the plaintiff is not entitled to recover from the defendant, you need not consider damages. Only if you decide that the plaintiff is entitled to recover will you consider the measure of damages.

If you find that the plaintiff is entitled to recover from the defendant, you must render a verdict in a sum of money that will justly and fairly compensate the plaintiff for losses resulting from the injuries Beverly Goldin sustained.  Plaintiff is entitled to recover a sum of money which will justly and fairly compensate her for any injury, disability and conscious pain and suffering to date caused by defendant.

During the trial, the Court excluded certain claims for damages that were unsupported by the evidence. In the event that you award Ms. Goldin damages, the compensation you award may not include any award for (1) past medical expenses incurred at Putnam Hospital Center, or (2) future medical expenses related to a possible second revision surgery.

An attorney is permitted to make suggestions as to the amount that should be awarded, but those suggestions are argument only and not evidence and should not be considered by you as evidence of plaintiff's damages. The determination of damages is solely for you, the jury, subject to the exclusions I have explained here.

<u>Authority</u>:     N.Y. Pattern Jury Instr. Civil 2:277 Damages—General; N.Y. Pattern Jury Instr. Civil 2:277A—Comment by Counsel During Closing Remarks (as modified); N.Y. Pattern Jury Instr.—Civil 2:280; Zimmer, Inc.' Memorandum in Support of Rule 50 Motion For Judgment as a Matter of Law (*Goldin* Dkt. 120, p. 28-30).

## **CERTIFICATE OF SERVICE**

I certify that on January 23, 2017, a copy of the foregoing was filed electronically.

Parties may access this filing through the Court's electronic records system.


                                            */s/  John P. Mandler*

US.109855728.02